CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 07 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANNY ALLEN FLORIA, SR., | CASE NO. 7:11CV00382 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| FRANKLIN COUNTY JAIL, ET AL., | By: James C. Turk |
| | Senior United States District Judge |
| Defendant(s). | |

Danny Allen Floria, Sr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at the Franklin County Jail ("the jail") failed to protect him from hazardous conditions and verbally and physically harassed him, in violation of his constitutional rights. The court finds that these allegations fail to state any claim actionable under § 1983. Accordingly, the court dismisses Floria's action without prejudice.

I

Floria alleges the following events on which his claims are based. While incarcerated at the jail on June 29, 2011, Floria slipped in a puddle of water that had accumulated around a leaking water cooler. No one had placed a "wet floor" sign at the cooler. Jail officials transported the injured Floria to a local hospital, where an emergency room physician examined him and he underwent X-rays.

Floria also alleges that on June 29, 2011, while an officer was helping him downstairs after his fall, another officer identified as Sgt. Duey Winslow called Floria a "fucking fool." Later that day, after Floria's hospital visit, while he sat on a bench at the jail, Winslow came by, kicked Floria's foot, and told him "to keep out of his way."

Floria sues the jail and Sgt. Winslow.[1] He seeks compensatory and punitive damages for the unspecified injury he suffered from the fall and for the pain and humiliation caused by Winslow's verbal and physical abuse.

## II

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Floria' allegations, the court concludes that he fails to allege facts stating a claim actionable under § 1983.

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As an initial matter, Floria's allegations state no actionable claim against the jail. Because the jail is not a "person" amenable to suit under § 1983, all claims against this defendant will be summarily dismissed. Preval v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

---

[1] Floria states that he did not file any jail grievances concerning his claims. Ordinarily, an inmate must exhaust administrative remedies available at the jail where the incident occurred before pursuing a civil action. See 42 U.S.C. § 1997e(a). Floria indicates his belief that he cannot pursue administrative remedies, because he has been transferred from the Franklin County Jail to another jail facility. Because the court herein finds that Floria's complaint must be dismissed for failure to allege facts stating any constitutional claim, the court will not require further information about whether or not he had available administrative remedies.

2

The jail official that Floria names as a defendant, Sgt. Winslow, is subject to suit under § 1983. However, Floria's allegations do not indicate that Winslow, personally, knew about the accumulated water before Floria's fall or had any responsibility for maintaining the water cooler. Therefore, Floria states no claim against this defendant related to his fall itself.

In fact, the court is satisfied that his fall near the water cooler does not give rise to a constitutional claim against any one. The Eighth Amendment protects prisoners from cruel and unusual living conditions.[2] Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, however, Floria must show that the defendant official acted with deliberate indifference–that he knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Plaintiff must also show, objectively, that he suffered a serious injury from the unsafe condition. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

Floria fails to make either of the required showings. His allegations do not indicate what his injuries from the fall were. Even if he could amend to show that he was seriously hurt, however, he also fails to allege facts demonstrating deliberate indifference by anyone. Nothing in his submissions suggests that officials knew before his injury that the leaky water cooler posed an excessive risk of serious harm to anyone. Indeed, given the size of the puddle, officers

---

[2] It is not clear from the allegations in the complaint whether Floria, at the time of his injury, was a pretrial detainee or a convicted inmate serving a criminal sentence. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment, which applies to convicted inmates. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Even harsh and uncomfortable prison conditions cannot be considered punishment, however, so long as they are rationally connected to a legitimate, nonpunitive, penological purpose and are not excessive in relation to that purpose. Id. As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

3

reasonably could have believed that inmates would know to use caution when walking in that area until the leak could be fixed. Possible negligence by officials, in failing to place warning signs and in failing to have the leak repaired sooner, simply does not give rise to any constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Accordingly, the court will summarily dismiss Floria's claim concerning the injuries he suffered from his slip and fall as legally frivolous, pursuant to § 1915A(b)(1).[3]

While Winslow's alleged verbal comments to Floria and his alleged kick to Floria's foot were rude, unprofessional actions, they do not implicate any constitutionally protected right. "Not every push or shove" violates a person's constitutional rights, and mere words, however violent, do not amount to an assault. Johnson v. Glick, 481 F.2d 1028, 1033 & 1033 n.7 (2d Cir. 1973) (overruled on other grounds by Graham v. Conner, 490 U.S. 386, 397 (1989)). Nor does the constitution "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).

A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.;

---

[3] Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983, since they implicate, at most, official negligence. See, e.g., Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (finding that standing water in prison shower did not pose substantial risk of serious harm even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (finding that "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995) (finding that inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); and LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment").

Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (finding verbal threats causing plaintiff to fear for his life did not violate any constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (finding officer's calling an inmate an obscene name did not violate constitutional rights); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984)("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a §1983 claim.") See also Paul v. Davis, 424 U.S. 693 (1976) (finding that allegations of defamation alone do not state a constitutional claim). Under this precedent, Floria's allegations that Winslow used profanity, called him a fool, and told him to stay out of his way are not sufficient to support a constitutional claim. The court will, therefore, dismiss Floria's § 1983 claim concerning Winslow's verbal comments as legally frivolous under § 1915A(b)(1).

The court also finds no respect in which Winslow's alleged kick of Floria's foot gives rise to a constitutional claim. It is well established that "[a]fter incarceration, only the unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted); Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008) (applying same standard in pretrial detainee's claim of excessive force). Thus, not every "malevolent touch by a prison guard" amounts to deprivation of constitutional rights. Hudson v. McMillian, 503 U.S. 1, 9 (1993). To show excessive force, an inmate must, at a minimum, allege facts demonstrating that the official's use of force "nontrivial and was applied . . . maliciously and sadistically to cause harm." Wilkins v. Gaddy, ___U.S.___, 130 S. Ct. 1175, 1179 (2010). Floria's allegations offer no indication that Winslow's kick of Floria's foot was

5

intended to cause significant harm or that it did so. Such trivial incidents of minimal physical contact between officers and inmates, with no evidence of resulting injury or pain of any significance, simply cannot rise to constitutional proportions so as to be actionable under § 1983. The court will, therefore, dismiss Floria's § 1983 claim concerning the kick as legally frivolous under § 1915A(b)(1).

Even assuming without finding that Floria might have some claim against Winslow under state law for the challenged comments and the foot kick, these claims must also be summarily dismissed. Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Floria's state law claims are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

For the reasons stated, the court dismisses Floria's entire § 1983 complaint without prejudice. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of September, 2011.

/s/ James C. Turk
Senior United States District Judge